```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

JOHN M. ROG and KATHLEEN J. ROG,

                      Plaintiffs,      **No. 6:16-cv-06202(MAT)**
                                                  **DECISION AND ORDER**
      -vs-

MK NORTH AMERICA, INC. and
ROCKWELL AUTOMATION, INC.,

                      Defendants.
_____

## INTRODUCTION

On January 7, 2016, John M. Rog ("Rog") and his wife, Kathleen J. Rog (collectively, "Plaintiffs"), commenced an action in New York State Supreme Court, Chemung County[1] ("the State Court Action"), seeking damages for personal injuries that Rog sustained on January 9, 2013, when, during the course of his employment with Corning, Incorporated ("Corning"), his hand was caught in a "saw cell loop" that was manufactured, assembled, and sold by Progressive Machine & Design, LLC ("PMD"). On March 29, 2016, Rockwell Automation, Inc. ("Rockwell"), filed a notice of removal (Dkt #1) pursuant to 28 U.S.C. §§ 1441 and 1446, removing the State Court Action to this Court. Defendant MK North America, Inc. ("MK") subsequently consented (Dkt #3) to the removal.

Presently before the Court is Plaintiffs' First Motion to Remand to State Court (Dkt #4) ("the Remand Motion"), seeking

---

[1] John M. Rog and Kathleen J. Rog v. MK North America, Inc. and Rockwell Automation, Inc., Index No. 2016-1018 (N.Y. Sup. Ct. Chemung Co.).

(1) permissive joinder of PMD and Corning, and (2) an order remanding this case to New York State Supreme Court, Chemung County, due to the absence of complete diversity of citizenship that will result from the joinder of PMD and Corning. For the reasons discussed below, the Remand Motion is granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rog's injuries occurred when he entered a saw cell loop at Corning, which had jammed, in an effort to clear the obstruction. While he was still inside, the saw cell loop's conveyor system resumed operation and crushed his hand.

During the pendency of his Workers' Compensation claim, Rog's attorneys ascertained that the saw cell loop had been manufactured, assembled, and sold by PMD. Plaintiffs then filed suit against PMD, which instituted a third-party action against Corning for contribution and indemnification.[2]

Plaintiffs indicate that Corning did not respond to their discovery demands in the State Court Action until approximately three weeks prior to the expiration of the statute of limitations, when it provided documents indicating the identity of additional defendants, namely, (1) MK, which designed and sold the conveyor components for the saw cell; and (2) Rockwell, which manufactured and sold a number of the controls, switches, and other electronic

---

[2] John M. Rog and Kathleen M. Rog v. Progressive Machine & Design, LLC v. Corning Incorporated (Third Party Defendant), Index No. 001346/2014 (N.Y. Sup. Ct. Chemung Co.).

devices in saw cell loop, including an electronic eye which Plaintiffs believe contributed to the equipment jam.

After learning this information, Plaintiffs commenced a separate action in New York State Supreme Court against the MK and Rockwell. Rockwell removed the State Court Action to this Court, based upon currently existing diversity jurisdiction (Rog is a resident of New York State and both MK and Rockwell are foreign corporations).

Plaintiffs then filed the pending Remand Motion. MK and Rockwell filed letters with the Court stating their intention not to file opposition papers to the Remand Motion.

## DISCUSSION

Plaintiffs have moved for permissive joinder of defendant PMD and third-party defendant Corning under Federal Rule of Civil Procedure 20 ("Rule 20"). As pertinent here, Rule 20 provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a).

However, permissive joinder of PMD and Corning will eliminate complete diversity among the parties, since both entities are New York limited liability companies, and Plaintiffs are New York

State residents. Title 28 U.S.C., § 1447(e), provides that if a plaintiff in a diversity action seeks to join a non-diverse party, "the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Whether to permit joinder under Rule 20 "rests with the sound discretion of the [c]ourt, which must determine if joinder 'will comport with the principles of fundamental fairness.'" Shaw v. Munford, 526 F. Supp. 1209, 1213 (S.D.N.Y. 1981) (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)); accord, e.g., Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp.2d 421, 424 (E.D.N.Y. 2008). In exercising that discretion, this Court first must determine if the requirements of Rule 20(a) are satisfied. E.g., Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919, 922 (S.D.N.Y. 1995). Those requirements are easily met here, since Plaintiffs' claims against PMD and Corning "arise out of the same transaction and will, therefore, undoubtedly share many common questions of law and fact." Young v. Simon Ladder Towers, Inc., No. 96-CV-0189E(SC), 1996 WL 685753, at *1 (W.D.N.Y. Nov. 26, 1996) (citations omitted).

The second part of the inquiry entails consideration of "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." Wyant, 881 F. Supp. at 923. With regard to the delay

factor, Plaintiffs assert that after learning of the existence and potential liability of MK and Rockwell, there was insufficient time before the expiration of the statute of limitations to add them to the State Court Action; therefore, Plaintiffs instituted a separate action against these defendants, with the intention of moving to consolidate the two actions after the defendants appeared. Before Plaintiffs could move to consolidate both actions, however, MK removed the State Court Action. As noted above, MK and Rockwell have not objected to remand, and the Court has no basis on which to doubt the veracity of Plaintiffs' explanation.

With regard to the second factor, given that MK and Rockwell have not objected to the Remand Motion, a reasonable inference is that they will not suffer prejudice if the Court grants Plaintiffs' requested relief.

As to the third factor, multiple lawsuits clearly would result if joinder is denied, with a resulting waste of judicial resources. PMD, MK, and Rockwell all are manufacturers and suppliers of the completed product, or component parts thereof, alleged to have caused or contributed to Rog's injuries, which occurred during the course of his employment at Corning. Thus, there is a certainty of multiple lawsuits if joinder is not permitted. See, e.g., Young, 1996 WL 685753, at *3 ("Because a trial of Young's claims against the City[, his employer,] would involve much of the same evidence as would a trial of his claims against Simon Ladder, [the

manufacturer of the allegedly defective product,] joinder followed by remand could promote the efficient use of judicial resources, could spare witnesses the trouble of testifying at two different trials and could allow Young to resolve all of his claims relating to his injuries in a single action without the danger of inconsistent judgments.").

Finally, the Court has no basis for ascribing improper motives to Plaintiffs' request for permissive joinder and remand. See Mammano v. American Honda Motor Co., 941 F. Supp. 323, 325 (W.D.N.Y. 1996) ("[T]here is no evidence here that plaintiff seeks to add the individual defendants in federal court for the sole purpose of destroying diversity.").

In sum, the Court finds that "[t]he most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties inter se in one proceeding." Mammano, 941 F. Supp. at 325 (quoting Carter v. Dover Corp., Rotary Lift Div., 753 F. Supp. 577, 580 (E.D. Pa. 1991)). Accordingly, the relief requested in Plaintiffs' Remand Motion will be granted.

## CONCLUSION

For the reasons discussed above, Plaintiffs' First Motion to Remand (Dkt #4) is **granted**. Accordingly, it is hereby

**ORDERED** that Corning, Incorporated, and Progressive Machine & Design, LLC, are added as parties to this action; and it is further

**ORDERED** that the instant matter is remanded to New York State Supreme Court, Chemung County, for all further proceedings.

The Clerk of the Court is directed to amend the caption to add Corning, Incorporated, and Progressive Machine & Design, LLC, as defendants; to take all steps necessary to accomplish the remand of this case to the state court indicated above; and thereafter to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 17, 2016
         Rochester, New York.